IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2025

**KENTAVIS ANTWON JONES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-24-286       Donald H. Allen, Judge**

————————————————————

**No. W2025-00416-CCA-R3-PC**

————————————————————

Petitioner, Kentavis Antwon Jones, appeals the dismissal of his post-conviction petition, arguing that the post-conviction court erroneously dismissed the petition for not being in the proper form without giving him reasonable opportunity to correct the petition with the assistance of counsel. He also argues that he is entitled to equitable tolling due to the negligence of his trial counsel. The State responds that the post-conviction court properly dismissed the petition as untimely and that Petitioner is not entitled to equitable tolling. Following our review of the entire record and the briefs of the parties, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and CAMILLE R. MCMULLEN, J., joined.

Kentavis Antwon Jones, Pro Se, Hartsville, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Deputy District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Petitioner was charged in a nineteen-count indictment with co-defendant Marcus Hurt, Jr. Petitioner and co-defendant were tried together. Petitioner was convicted of possession of cocaine with intent to sell or deliver, possession of marijuana with intent to

sell or deliver, possession of a firearm by a convicted felon, possession of a firearm during the commission of a dangerous felony, possession of drug paraphernalia, theft, driving on a revoked license, and violation of the window tint law as charged in the indictment.[1] The trial court imposed a total effective sentence of thirty-one years' incarceration. On direct appeal, this court affirmed the judgments as to the sufficiency of the evidence but reversed the improper merger of four convictions. Petitioner filed an application for permission to appeal which the supreme court denied on May 15, 2023. *State v. Jones*, No. W2022-00046-CCA-R3-CD, 2023 WL 1980871 (Tenn. Crim. App. Feb. 14, 2023), *perm. app. denied* (Tenn. May 15, 2023).

Petitioner's pro se petition for post-conviction relief was filed on October 21, 2024, and indicated that he delivered the petition to prison authorities for mailing on October 14, 2024. The petition alleged ineffective assistance of trial counsel and other grounds. Petitioner conceded that the petition was untimely but articulated the following grounds in support of tolling:

> Given that the private interest at state is Petitioner's opportunity to attack his conviction and incarceration on the grounds that he was deprived of his Constitutional Right to effective assistance under the Sixth Amendment during the conviction process, and the governmental interest is in preventing the litigation of stale and groundless claims, this governmental interest is insufficient to override Petitioner's interest against serving an excessive [thirty-one] year sentence in violation of his rights[.]

The State moved to dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations. Upon finding the petition untimely, the post-conviction court granted the State's motion and summarily dismissed the petition. Although Petitioner filed a late notice of appeal, this court granted his motion to waive the timely filing. Accordingly, the appeal is properly before the court.

## Analysis

A person in custody under a sentence of a court of this state must petition for post-conviction relief "within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final." T.C.A § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Moreover, "[t]ime is of the essence of the right to file a

---

[1] Co-defendant was convicted on five counts of the indictment, all of which – except one – were lesser-included offenses. He was acquitted of the remaining charges.

petition for post-conviction relief. . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* "An untimely post-conviction petition divests the post-conviction court of subject matter jurisdiction and is subject to summary dismissal." *Lowe v. State*, 703 S.W.3d 319, 330 (Tenn. Crim. App. 2024) (citing T.C.A. §§ 40-30-102(b); -106(b)).

Tennessee Code Annotated section 40-30-102(b) sets forth three exceptions to the statute of limitations for filing for post-conviction relief; Petitioner raised none of those exceptions in his petition or in his brief. Petitioner instead relies on due process considerations to toll the statute of limitations. In addition to the statutory exceptions, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations" (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. *Whitehead v. State*, 402 S.W.3d 615, 623-24 (Tenn. 2013). To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.* at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49 (2010)). To comply with due process, petitioners must be afforded an opportunity to seek post-conviction relief "at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). "Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed." *Lowe*, 703 S.W.3d at 331 (citing *Burford*, 845 S.W.2d at 208).

"The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014) (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)).

Contrary to Petitioner's assertion, the post-conviction court did not dismiss his petition due to improper form. The court dismissed the petition because it was untimely. Petitioner concedes that his petition was filed outside the one-year statute of limitations. The supreme court denied his application for permission to appeal on May 15, 2023. The statute of limitations commenced the following day, and Petitioner had one year from that date to file a petition for post-conviction relief on May 14, 2024.[2] T.C.A. § 40-30-102(a).

Even taking the earliest possible filing date – October 14, 2024, when Petitioner submitted the petition to prison authorities – the filing occurred five months after the limitations period had expired. In his petition, Petitioner presented no grounds for the post-conviction court to consider due process tolling. For the first time on appeal, Petitioner

---

[2] 2024 was a leap year.

alleges that attorney misconduct prevented him from filing a timely petition. *See Whitehead*, 402 S.W.3d at 623-24. As a general rule, raising a new argument at this stage constitutes waiver. *See State v. Allen*, 593 S.W.3d 145, 154 (Tenn. 2020) (stating that "[g]enerally, issues raised for the first time on appeal are waived"). Even setting aside the issue of waiver, Petitioner has failed to allege facts necessary to support due process tolling.

Petitioner contends that appellate counsel "abandon[ed]" him by failing to inform him that a Rule 11 application had been filed with the supreme court and by withholding the case file until April 17, 2025. He claims he was "unable to properly prepare the post-conviction petition before the deadline had passed" and only learned of "the status of his case" after contacting the appellate court clerk in October 2024, the same month he filed his petition.

Even accepting these allegations as true, they do not show that Petitioner diligently pursued his rights or that extraordinary circumstances prevented him from filing a timely petition. *Whitehead*, 402 S.W.3d at 631. Notably, he claims he did not receive the case file until April 2025 – after filing the petition in October 2024 – suggesting he had sufficient access to necessary materials at the time of filing.

Because the petition was untimely and failed to allege any exception to timely filing or any due process basis to toll the statute of limitations, the post-conviction court lacked jurisdiction to consider it. Accordingly, the post-conviction court properly dismissed the petition without appointing counsel or conducting a hearing.

## CONCLUSION

Based on the foregoing, the judgment of the post-conviction court is affirmed.

S/*Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE

- 4 -